**[J-85-2025] [MO: Donohue, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 81 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 380 MDA |
| | : | 2023 dated January 8, 2024, |
| v. | : | Affirming and Remanding the |
| | : | Judgment of Sentence of the |
| | : | Dauphin County Court of |
| MICHAEL DEAN OSMAN, | : | Common Pleas, Criminal Division, |
| | : | at No. CP-22-CR-0001818-2020 |
| Appellant | : | dated November 30, 2022 |
| | : | |
| | : | ARGUED:  October 8, 2025 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                                    **DECIDED:  July 21, 2026**

I join the majority opinion.  I write separately to emphasize that while 42 Pa.C.S. §9799.14 is a recidivist sentencing statute, 42 Pa.C.S. §9718.5 is not.

As the majority correctly holds, pursuant to this Court's binding decision in *Commonwealth v. Lutz-Morrison*, 143 A.3d 891 (Pa. 2016), "Osman was illegally sentenced under Section 9718.5(a)."  Majority Opinion at 24.  Section 9718.5(a) provides that "[a] person who is convicted in a court of this Commonwealth of an offense under section 9799.14(d) (relating to sexual offenses and tier system) shall be sentenced to a mandatory period of probation of three years consecutive to and in addition to any other lawful sentence issued by the court."  42 Pa.C.S. §9718.5(a).  Section 9799.14(d) lists offenses classified as Tier III sexual offenses — the most serious class of offenses — under the Sexual Offender Registration and Notification Act (SORNA).[1]  In particular, a

---

[1] *See* 42 Pa.C.S. §§9799.11-9799.75.

Tier III offense under Section 9799.14(d) includes "[t]wo or more convictions of offenses listed as Tier I or Tier II sexual offenses." 42 Pa.C.S. §9799.14(d)(16). In *Lutz-Morrison*, this Court held Section 9799.14 "encompasses a recidivist philosophy[,]" and as such, subsection (d)(16) of this statute "requires an act, a conviction, and a subsequent act[.]" 143 A.3d at 895. Here, Osman's convictions were in a single trial. There was no post-conviction criminal act reflecting his failure to reform his conduct following conviction. The recidivist sequence of act, conviction, and subsequent act, required by *Lutz-Morrison*, was not present. Hence, as the majority properly concludes, "Osman's convictions did not trigger application of Section 9799.14(d)(16), [and] his Section 9718.5(a) sentence is illegal*."* Majority Opinion at 2.

Importantly, although Osman did not qualify for a mandatory period of probation under Section 9718.5(a) because he was not a recidivist under Section 9799.14(d)(16), Section 9718.5 does not, as a general matter, apply only to recidivists. The recidivist philosophy "is a valid tool in interpreting ambiguous statutory language." *Commonwealth v. Coleman*, 285 A.3d 599, 613 (Pa. 2022) (cleaned up). "Nonetheless, if the legislature enacts a statute which clearly expresses a different application, the recidivist philosophy possesses no authority which would override clearly contrary statutory language." *Id.* (cleaned up); *see also Commonwealth v. Jarowecki*, 985 A.2d 955, 961-62 (Pa. 2009) ("The recidivist philosophy, while a valid policy, is not the only valid sentencing policy, nor is it a constitutional principle or mandate, and the legislature is free to enact a statute which clearly expresses a different application.") (cleaned up).

Presently, the plain language of Section 9718.5(a) imposes a mandatory, consecutive, three-year probationary term for any offense under Section 9799.14(d). The offenses listed in Section 9799.14(d) include numerous single offenses, including kidnapping, rape, statutory sexual assault, involuntary deviate sexual intercourse, sexual

assault, institutional sexual assault, aggravated indecent assault, indecent assault, incest, aggravated sexual abuse, sexual abuse, and abusive sexual contact where the victim is under 13 years of age. *See* 42 Pa.C.S. §§9799.14(d)(1)-(12). A defendant convicted of just one of these offenses is appropriately classified as a Tier III sexual offender and subject to mandatory probation under Section 9718.5(a), notwithstanding that he or she is not a repeat offender. By its clear terms, Section 9718.5 is not a recidivist statute, and thus a recidivist construction may not be foisted upon it. *See Coleman*, 285 A.3d at 613. Moreover, Section 9718.5 is not a provision of SORNA, which, again, is codified at 42 Pa.C.S. §§9799.11-9799.75. *See Commonwealth v. Roberts*, 329 A.3d 1129, 1131 n.1 (Pa. 2025). Accordingly, the recidivist philosophy "animating" SORNA should not be imputed to Section 9718.5. *Lutz-Morrison*, 143 A.3d at 895 n.4.

Osman was sentenced under Section 9718.5 based on an offense under Section 9799.14(d)(16). Under these specific circumstances, the fact he was not a recidivist rendered Section 9799.14(d) inapplicable and accordingly precluded application of Section 9718.5. But Section 9718.5 itself is not a recidivist statute. Indeed, there are myriad contexts in which a defendant guilty of only one serious sexual offense under Section 9799.14(d) must be sentenced to a mandatory term of probation under Section 9718.5. Mandatory consecutive probation under Section 9718.5 is not reserved for recidivists only. With this point of clarification, I join the majority opinion.